The H. B. Claflin Co. vs. Stearns and another.

---

90  283
90  467

The H. B. Claflin Company, Appellant, vs. Stearns and another, Interveners, Respondents.

*April 26 — April 30, 1895.*

*Appeal from order in another action: Dismissal.*

1. An appeal cannot be taken in one action from an order made in an entirely different action.
2. An order allowing intervention, made and entitled in an action for the dissolution of a partnership, is an order in that action and in no other, although it purports also to allow intervention in several actions by creditors against the firm.

3. A subsequent order modifying the above-mentioned order, made upon a motion in the action for dissolution, was also an order in that action only, although entitled also in the creditors' actions.
4. An order denying a motion to require the entry *nunc pro tunc* of an order made and entitled solely in one action, is necessarily an order in the same action.

APPEAL from orders of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Dismissed.*

Motion to dismiss appeal.

The defendants Weber were partners in business in Milwaukee, owning a large stock of dry goods. On the 5th day of September, 1894, judgment upon a judgment note was entered in the superior court of Milwaukee county in favor of the appellant and against the firm of Weber Bros., and execution was issued to the sheriff upon such judgment. At the same time judgments were entered against the firm upon four other judgment notes, and executions were issued thereon to the sheriff, who, on the same day, seized the stock of goods of the firm upon all the executions. Later on the same day an action was commenced by Gershom Weber and David Weber, two of the members of said firm, against A. M. Weber, the remaining partner, for the dissolution of the partnership and an accounting. The complaint alleged, among other things, the rendition of the judgments above mentioned and the seizure of the firm's property on execution, and prayed for an accounting, and for the appointment of a receiver, and for an injunction restraining actions against the firm by creditors. Upon the same day, and by consent, an order was made dissolving the partnership, sequestrating the assets of the firm, ordering an account to be taken, appointing a receiver, and restraining all creditors of the firm from commencing actions against the partnership. The receiver gave the required bond and entered on his duties on the same day.

On the 24th day of September, 1894, the respondents,

*Stearns & Spingarn,* who allege themselves to be creditors of Weber Bros. to the amount of $6,273.31, filed their petition in the action for dissolution of the partnership, alleging that the judgments of the appellant were collusive and fraudulent, specifying the grounds of the fraud in detail, and praying for an order staying the sale of the goods under the executions, that the petitioners be allowed to intervene in the action and in the several creditors' actions and become parties thereto, and that their claim be protected, and for such other relief as might be just and equitable. This petition, and an order to show cause based thereon, were served on the parties to the partnership suit, the sheriff, and the attorneys for the execution creditors; and upon the hearing the sheriff and the judgment creditors appeared, and an order was made by the court, September 25, 1894, that the petitioners have leave to intervene in the partnership action, and also in the creditors' actions in which judgments had been entered, and to file and serve petitions in each of said last-named actions, containing the allegations on which the petitioners assail said judgments; also requiring the sheriff to accept only cash bids upon sale of the stock of goods seized, and that he pay the proceeds of sale into court to abide the result of the trial of the issues.

On the 29th day of September, 1894, the attorneys for the execution creditors obtained an *ex parte* order from the court, entitled in the partnership action, modifying the order of September 25, 1894, so as to require the sheriff to pay into court only the sum of $7,000 and allowing him to apply the excess upon the executions in his hands, returning the surplus then left, if any, to the receiver. It appears that on the same day the sheriff sold a part of the stock of goods for the sum of $67,550, retained $3,000 on account of his fees and expenses, retained $7,000 to be paid into court, and paid to the attorneys for the execution creditors the balance; but it was insufficient to pay the entire amount of the executions.

On the 11th day of October, 1894, an order was made by

the court, upon motion of the interveners and respondents,. and upon notice to all parties interested, requiring the sheriff to pay into court the $7,000 before mentioned; also requiring the sheriff and Messrs. Turner, Bloodgood & Kemper,. the attorneys for the execution creditors, to pay into court the sums received upon the executions of the judgment creditors as aforesaid, which sums were ordered to remain in court until its further order; also adjudging that the modifying order of September 29, 1894, was and is wholly inoperative and of no effect whatever. The moving papers were entitled only in the partnership action, but the order is entitled in the partnership action and in the five creditors' actions. It appeared on the hearing of this last-named motion that the modifying order of September 29th was not entered in the minute book of the clerk when made, and oral motion was then made by the attorneys of the creditors. for an order directing the clerk to make such entry *nunc pro tunc*, which motion was denied. On the 11th day of October aforesaid, the appellant, *The H. B. Claflin Company*, gave notice of appeal, entitled in its action against the Webers, from the order entered September 25, 1894, in the action of *Weber vs. Weber*, also from the order of October 11, 1894, reinstating the order of September 25th, and from the order of October 11th, refusing to order the entry of the order of September 29th *nunc pro tunc*. The interveners and respondents now move to dismiss such appeal.

*C. E. Wilde*, in support of the motion.

*W. J. Turner*, contra.

WINSLOW, J. The order of September 25, 1894, allowing *Stearns & Spingarn* to intervene and contest the *bona fides* of the claims of the execution creditors, was an order made and entitled in the partnership action and in no other. It purported to allow intervention in the several creditors' actions, but it was made only in the partnership action. It is manifest that an appeal cannot be taken in one action from.

The H. B. Claflin Co. vs. Stearns and another.

an order made in an entirely different action. Authorities will not be needed to sustain this proposition. The action for dissolution of the partnership became, in substance, a sequestration action after the intervention of *Stearns & Spingarn* and the general appearance of the execution creditors and the sheriff therein. The two orders of October 11th were omnibus orders, entitled in the partnership action and in the five creditors' actions as well. Such a practice is certainly to be condemned. It produces confusion and uncertainty. It effectually violates all rules and statutes which provide against the misjoinder of actions and parties to actions. The action in which they should have been made, if at all, is the partnership action. However, the plaintiff cannot be said to be aggrieved by the fact that they also appear to be entitled in the other actions. The motion to reinstate the order of September 25th and nullify the modifying order of September 29th, was made and entitled only in the partnership action, and it is very evident that it was in fact properly a motion in that action. The order made on such motion, October 11th, clearly gained nothing of substantial force by being also entitled in the other actions, in which no motion had been made. The proper action in which to test its validity is the action in which it belongs and in which the motion on which it was based was made, and that is the partnership action. If the plaintiff has been wronged, it has been wronged by the order in the partnership action; and if it has any grievance it results from that order, because, while it remains unreversed in that action, the plaintiff is bound by it. The same remarks apply, substantially, to the order refusing to require the entry of the modifying order of September 29th, *nunc pro tunc.* The modifying order was made and entitled solely in the partnership action, and the order denying the motion to require its entry *nunc pro tunc* was necessarily an order in the same action.

*By the Court.*— Appeal dismissed.